UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INDEPENDENT TOWERS HOLDINGS, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-10442-LTS |
| TOWN OF BILLERICA, et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| EARTH TONE TECHNOLOGIES, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-10441-LTS |
| TOWN OF BILLERICA, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON OBJECTION TO SETTLEMENT

August 15, 2011

SOROKIN, M.J.

Before the Court are two separate actions claiming violation of the Federal Telecommunications Act of 1996. The named defendants are the same in both actions: the Town of Billerica, the Town of Billerica Planning Board, and the members of the Planning Board (each

1

sued solely in his or her official capacity as a member of the Planning Board). Civil Action No. 11-10442, Docket # 1 at ¶¶ 2-4;Civil Action No. 11-10441, Docket # 1 at ¶¶ 2-4. The Complaints in each case allege that the Board is a "a duly-authorized unit of the Town" of Billerica. Civil Action No. 11-10442, Docket # 1, at ¶ 3; Civil Action No. 11-10441, Docket # 1, at ¶ 3.

On June 16, 2011, Attorney Patrick Costello and the law firm of Louison, Costello, Condon & Pfaff filed an appearance on behalf of all of the defendants in both actions. Civil Action No. 11-10442, Docket # 4; Civil Action No. 11-10441, Docket # 4. On July 20, 2011, the Parties in each action filed an Agreement for Judgment which provides for the issuance of a special permit to each Plaintiff by Order of the Court. Civil Action No. 11-10442, Docket # 15; Civil Action No. 11-10441, Docket # 14. Counsel for the Plaintiff and the counsel for all of the Defendants signed the filings. Id.

On August 2, 2011, the Planning Board wrote directly to the Court stating that it objects to the proposed settlement in the Independent Towers case, Civil Action No. 11-10442, and that the Town Manager had refused to provide counsel for the Planning Board and had usurped his power and authority by directing the settlement over its objection. Civil Action No. 11-10442, Docket # 18. This letter was sent as an ex parte communication to the Court, and it was not apparent on its face that the Board had sent copies to the other Parties or to counsel of record in these actions. Id. Because the letter was ex parte, the Court directed the Clerk to docket the letter so that all parties and counsel could review it. See Civil Action No. 11-10442, Electronic Order of August 10, 2011.

Although individuals may appear pro se, neither corporations, government agencies nor

government officials in their official (as opposed to individual) capacities may do so. In light of the assertions contained in the letter, however, the Court directed the Defendants' counsel to address the question of whether the substance of the letter implicated his authority to enter into the settlement proposed to the Court. Id. The Defendants' counsel has now done so. Civil Action No. 11-10442, Docket # 19.

In combination, applicable statutes of the Commonwealth and the Town's bylaws confer upon the Board of Selectmen the authority to control litigation brought in the name of, or against, the Town. M.G.L. ch. 40, § 2; Town of Billerica General Bylaws, Article II, § 31.3. Moreover, the Board has cited in its objection letter no legal authority permitting it either to control litigation resulting from its decisions or to appoint counsel to represent it in such matters. Cf. M.G.L. c. 41, § 26A (authorizing Board of Assessors to hire legal counsel for Appellate Tax Board cases only); M.G.L. c. 71, § 37F (authorizing school committees to employ counsel for the general purposes of the committee). In the absence of express authority permitting the Board to hire its own counsel, it is represented by the Town Counsel. O'Reilly v. Town of Scituate, 328 Mass. 154 (1951) ("In the absence of legislative authority, it is settled that a department of a city or town has no authority to employ counsel.") The Board's recourse is through other mechanisms. See e.g., Board of Public Works of Wellesley v. Board of Selectmen of Wellesley, 377 Mass. 621 (1979).

The Parties, through counsel, have proposed a settlement with an Agreement for Judgment submitted. Civil Action No. 11-10442, Docket # 15. The substance of the Board's objections fails to address the federal legal issues raised by the allegations of the Complaint. In addition, that the Town Manager consulted with Town Counsel regarding a lease arrangement

with the Plaintiff does not establish a conflict of interest preventing Town Counsel from performing his duties in these actions, which have been approved by the Board of Selectmen. Accordingly, the Court shall enter the proposed judgment.

SO ORDERED.

    /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE